IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE, | ) |
| | ) |
|   Petitioner, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:24-cv-57-RAH |
| | )               [WO] |
| ROLANDA CALLOWAY, *et al.*, | ) |
| | ) |
|   Respondents. | ) |

**MEMORANDUM OPINION and ORDER**

On February 8, 2024, the Magistrate Judge entered a Recommendation (Doc. 2) that Petitioner Rashad C. Lee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be dismissed for lack of jurisdiction because it is a successive petition which was filed without the required authorization from the Eleventh Circuit Court of Appeals. On February 15, 2024, the Petitioner timely filed a document entitled "Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Objection to the Recommendation (Doc. 3), which the Court construes as a motion for leave to amend and as objections to the Recommendation.

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's motion for leave is due to be denied, the objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the Petitioner's § 2254 petition is due to be dismissed without prejudice for lack of jurisdiction.

When a party objects to a Magistrate Judge's Report and Recommendation, a district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980).  The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).  *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.").  Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge concluded in relevant part that the Petitioner previously brought a § 2254 petition which was dismissed as barred by the applicable statute of limitations, and that this dismissal "constituted an adjudication on the merits so as to render his current petition a 'second or successive' petition for purposes of 28 U.S.C. § 2244(b)." (Doc. 2 at 2.)  To the extent the Petitioner in his objections reiterates the claims and factual assertions contained in his § 2254 petition, these general objections are reviewed for clear error and are due to be overruled.

The Petitioner specifically objects to the Magistrate Judge's conclusion that his

2

§ 2254 petition is a second or successive petition under § 2244(b).  In support, the Petitioner cites *Holland v. Florida*, 560 U.S. 631 (2010).  In *Holland*, the United States Supreme Court held that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period may be equitably tolled due to "serious instances of attorney misconduct" so long as the petitioner has exercised reasonable diligence. *Id.* at 652-53.  Equitable tolling, however, is not the problem here.  Nothing in the *Holland* decision establishes that the Magistrate Judge erred in concluding that the Petitioner's current petition is a "second or successive" petition within the meaning of § 2244(b).  The Petitioner's objections are merely an attempt to relitigate the question of whether his first § 2254 petition was time-barred.

      Accordingly, upon an independent review of the record, and for good cause, it is

      ORDERED as follows:

      1.     The Petitioner's objections (Doc. 3) are OVERRULED;

      2.     The Recommendation of the Magistrate Judge (Doc. 2) is ADOPTED;

      3.     The Petitioner's § 2254 petition (Doc. 1) is DENIED without an evidentiary hearing;

      4.     The Petitioner's Motion for Leave to File an Amended Petition (Doc. 3) is DENIED as futile;

      5.     This case is DISMISSED without prejudice.

      A separate Final Judgment will be entered.

DONE, on this the 17th day of June 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE